# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 18-cv-2181

MELISSA WELLS f/k/a/ MELISSA CHARTIER and ADAM WELLS, individuals,

    Plaintiffs,

v.

WEST COAST SERVICING, INC. a California corporation, FRASCONA, JOINER, GOODMAN AND GREENSTEIN, P.C., a Colorado corporation, and THOMAS S. MOWLE, in his official capacity as the Public Trustee for the County of El Paso, State of Colorado,

    Defendants.

## COMPLAINT

### INTRODUCTION

1. This is an action brought by Melissa Wells f/k/a Melissa Chartier and Adam Wells, individuals (the "**Plaintiffs**"), against West Coast Servicing, Inc. ("**West Coast**"), and Frascona, Joiner, Goodman and Greenstein, P.C., (the "**Law Firm**") for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter, "**FDCPA**"), which prohibits debt collectors from misrepresenting the legal status of a debt, for violations of the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 5-16-101 *et seq.* (hereinafter "**CFDCPA**"), which requires collection agencies to obtain a license to collect debts in this state, and an action to quiet title to real property.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the claim in this action that it forms part of the same case or controversy.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

5. Plaintiffs are individuals who reside in the County of El Paso, State of Colorado.

6. Plaintiffs are "consumers", as that term is defined by 15 U.S.C. § 1692a(3) and Colo. Rev. Stat. § 5-16-103(5).

7. West Coast is a corporation that collects debts from consumers in the State of Colorado.

8. West Coast has a place of business at 7911 Warner Avenue, Huntington Beach, California 92647.

9. West Coast regularly attempts to collect debts from consumers alleged to be due another.

10. West Coast is engaged in a business, the principal purpose of which is the collection of debts.

11. West Coast is a "person", as that term is defined by Colo. Rev. Stat. § 5-16-103(11).

12. West Coast is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6), and a "collection agency", as that term is defined by Colo. Rev. Stat. § 5-16-103(3)(a).

13. The Law Firm is a Colorado corporation that collects debts from consumers in the State of Colorado.

14. The Law Firm has a place of business at 4750 Table Mesa Drive, Boulder, Colorado 80305.

15. The Law Firm is a "person", as that term is defined by Colo. Rev. Stat. § 5-16-103(11).

16. The Law Firm is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6), and a "collection agency", as that term is defined by Colo. Rev. Stat. § 5-16-103(3)(a).

17. The Law Firm is an agent of West Coast.

18. Thomas S. Mowle is the public trustee for the County of El Paso, State of Colorado, and is named in his official capacity (the "**Public Trustee**").

19. The Public Trustee is the official responsible for performing non-judicial foreclosures in El Paso County and is the trustee of the deed of trust described in this action.

20. The Public Trustee has a principal place of business at 105 East Vermifo Avenue, Suite 120, Colorado Springs, Colorado 80903.

21. The Public Trustee is named as a nominal defendant.

## FACTS

22. On or about October 30, 2006, Plaintiffs incurred a monetary obligation (the "**Debt**") to Countrywide Home Loans, Inc. (the "**Creditor**") in the amount of $43,800.00.

23. The Debt is a second mortgage, and was incurred primarily for personal, family, or household purposes.

24. The Debt is a "debt", as that term is defined by 15 U.S.C. § 1692(a)(5), and by Colo. Rev. Stat. § 5-16-103(8)(a).

25. The Debt was evidenced by a promissory note (the "**Note**") and secured by a deed of trust ("**Deed of Trust**").

26. The Deed of Trust encumbers the real property owned by Plaintiffs, commonly known as 4767 Saddle Ridge Drive, Colorado Springs, Colorado 80922, and legally described as:

>LOT 78, STETSON HILLS SUBDIVISION FILING 26 IN THE CITY OF COLORADO SPRINGS, COUNTY OF EL PASO, STATE OF COLORADO.

(the "**Property**").

27. Plaintiffs have not made a payment on the Debt since 2010.

28. In 2010, the Debt went into default.

29. In 2016, the statute of limitations ran on the Debt.

30. On or about January 31, 2017, Plaintiffs received a Notice of Transfer of Servicing Rights (the "**Notice**") from West Coast.

31. The Notice informed Plaintiffs that Veripro Solutions Inc. had transferred the servicing rights for the Debt to West Coast.

32. The Notice also informed Plaintiffs that their account was delinquent.

33. From and after the date when Veripro Solutions Inc. transferred the servicing rights for the Debt to West Coast, West Coast has been attempting to collect the Debt.

34. Plaintiffs received no further communication from West Coast until March of 2018.

35. On or about March 22, 2018, West Coast sent a late notice to Plaintiffs (the "**March Notice**").

36. The March Notice informed Plaintiffs that they owed $28,576.18 in past due payments and $1,428.44 in late charges.

37. In the March Notice, West Coast sought payment on amounts that were barred by the statute of limitations.

38. On or about April 6, 2018, West Coast sent a second late notice to Plaintiffs (the "**April Notice**").

39. The April Notice informed Plaintiffs that they owed $28,924.67 in past due payments and $1,428.44 in late charges.

40. The April Notice also informed Plaintiffs that, if they did not pay the amount demanded within five days of the notice, West Coast would initiate foreclosure proceedings.

41. In the April Notice, West Coast sought payment on amounts that were barred by the statute of limitations.

42. On or about April 18, 2018, West Coast sent a beneficiary's demand for payoff to Plaintiffs (the "**Demand**").

43. The Demand provided Plaintiffs with a payoff amount of $69,788.53.

44. This payoff amount purported to be for the entire amount due and owing under the Note.

45. This payoff amount included $42,177.63 for the principal balance, $26,090.04 in accrued interest from May 1, 2011 through April 18, 2018, $1,445.86 in accrued late charges, and $75.00 in other fees.

46. In the Demand, West Coast sought payment on amounts that were barred by the statute of limitations.

47. On or about April 25, 2018, the Law Firm sent a thirty day notice of default prior to acceleration to Plaintiffs ("**Thirty Day Notice**").

48. Colo. Rev. Stat. § 5-16-105(3)(c) requires debt collectors to provide debtors with a website address that debtors may visit to obtain information on the CFDCPA.

49. The Thirty Day Notice did not provide Plaintiffs with the correct website address as required by the CFDCPA.

50. Contrary to the Demand, the Thirty Day Notice informed Plaintiffs that, in order to bring their amount current and avoid acceleration, they must pay $30,919.02.

51. The discrepancy between the amount demanded in the Thirty Day Notice and the Demand is confusing, misleading, and unclear.

52. In the Thirty Day Notice, the Law Firm sought payment on amounts that were barred by the statute of limitations.

53. On or about June 12, 2018, the Law Firm sent a notice to Plaintiffs indicating that the Debt had been referred to their offices for foreclosure.

54. On or about August 1, 2018, the Law Firm filed a Notice of Election and Demand (the "**NED**") with the Public Trustee.

55. No payments have been made on the Debt in over six years.

56. West Coast has been attempting to collect on an invalid debt since 2016.

57. The Law Firm has been attempting to collect on an invalid debt since 2016.

## COUNT I
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

58. Plaintiffs incorporate by reference all of the foregoing allegations as though fully set forth herein.

59. At all times material hereto, Plaintiffs were "consumers", as that term is defined by 15 U.S.C. § 1692a(3).

60. At all times material hereto, the balance that West Coast and the Law Firm were attempting to collect was a "debt", as that term is defined by 15 U.S.C. § 1692a(5).

61. At all times material hereto, West Coast was a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

62. At all times material hereto, the Law Firm was a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

63. At all times material hereto, the Law Firm was an agent of West Coast.

64. The FDCPA prohibits debt collectors from misrepresenting the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

65. West Coast violated 15 U.S.C. § 1692e(2)(A) by sending Plaintiffs statements misrepresenting the amount owed on the Debt.

66. The Law Firm violated 15 U.S.C. § 1692e(2)(A) by sending Plaintiffs statements misrepresenting the amount owed on the Debt.

67. The FDCPA prohibits debt collectors from threatening to take any action that cannot legally be taken or that is not intended to be taken.  15 U.S.C. § 1692e(5).

68. West Coast violated 15 U.S.C. § 1692e(5) by:

   A. Threatening to initiate foreclosure after the statute of limitations ran on the Debt; and

   B. Threatening to initiate foreclosure when West Coast is not licensed as a debt collector in Colorado and, therefore, is precluded from filing suit in the state of Colorado.  <u>Commercial Service of Perry, Inc. v. Fitzgerald</u>, 856 P.2d 58, 62 (Colo. App. 1993).

69. The Law Firm violated 15 U.S.C. § 1692e(5) by:

   A. Threatening to initiate foreclosure after the statute of limitation ran on the Debt; and

   B. Threatening to file suit on behalf of West Coast when West Coast is precluded from filing suit in the state of Colorado.  <u>Id</u>.

70. The FDCPA prohibits debt collectors from the use of any false representation or deceptive means to collect or attempt to collect any debt.  15 U.S.C. § 1692e(10).

71. West Coast violated 15 U.S.C. § 1692e(10) by representing that the Debt was still due and owing.

72. The Law Firm violated 15 U.S.C. § 1692e(10) by representing that the Debt was still due and owing.

73. The FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount that is not permitted by law. 15 U.S.C. § 1692f(1).

74. West Coast violated 15 U.S.C. § 1692f(1) by attempting to collect an amount of the Debt not permitted by law.

75. The Law Firm violated 15 U.S.C. § 1692f(1) by attempting to collect an amount of the Debt not permitted by law.

76. The FDCPA prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession of property if there is no present right to possession of the property. 15 U.S.C. § 1692f(6)(a).

77. West Coast violated 15 U.S.C. § 1692f(6)(a) when the Law Firm, as West Coast's agent, filed an NED with the Public Trustee.

78. The Law Firm violated 15 U.S.C. § 1692f(6)(a) when the Law Firm, as West Coast's agent, filed an NED with the Public Trustee.

79. West Coast is liable for the Law Firm's violations because the Law Firm is an agent of West Coast.

80. The Law Firm is liable for West Coast's violations because the Law Firm aided and abetted West Coast when West Coast violated the FDCPA.

81. The foregoing acts and omissions of Defendant constitute violations of the FDCPA.

82. Plaintiffs have suffered and continue to suffer actual damages as a result of West Coast's unlawful conduct.

83. Plaintiffs have suffered and continue to suffer actual damages as a result of the Law Firm's unlawful conduct.

84. Plaintiffs are entitled to damages, including attorney fees and costs, under the FDCPA, in an amount to be determined at trial. 15 U.S.C. § 1692.

## COUNT II
### (Violations of the CFDCPA, Colo. Rev. Stat. § 5-16-101 *et seq.*)

85. Plaintiffs incorporate by reference all of the foregoing allegations as though fully set forth herein.

86. At all times material hereto, Plaintiffs were "consumers", as that term is defined by Colo. Rev. Stat. § 5-16-103(5).

87. At all times material hereto, the balance that West Coast and the Law Firm were attempting to collect was a "debt", as that term is defined by Colo. Rev. Stat. § 5-16-103(8)(a).

88. At all times material hereto, West Coast and the Law Firm were "collection agencies", as that term is defined by Colo. Rev. Stat. § 5-16-103(3)(a).

89. At all times material hereto, the Law Firm was an agent of West Coast.

90. The CFDCPA requires debt collectors to include in its initial communication to a consumer the following statement:

> FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE: WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM. or the current address.

Colo. Rev. Stat. § 5-16-105(3)(c).

91. The Law Firm violated the CFDCPA by failing to include this information on its initial written communication to Plaintiffs.

92. The CFDCPA prohibits debt collectors from misrepresenting the character, amount, or legal status of any debt. Colo. Rev. Stat. § 5-16-107(1)(b)(I).

93. West Coast violated Colo. Rev. Stat. § 5-16-107(1)(b)(I) by sending Plaintiffs statements misrepresenting the amount owed on the Debt.

94. The Law Firm violated Colo. Rev. Stat. § 5-16-107(1)(b)(I) by sending Plaintiffs statements misrepresenting the amount owed on the Debt.

95. The CFDCPA prohibits debt collectors from threatening to take any action that cannot legally be taken or that is not intended to be taken. Colo. Rev. Stat. § 5-16-107(1)(e).

96. West Coast violated Colo. Rev. Stat. § 5-16-107(1)(e) by:

   A. Threatening to initiate foreclosure after the statute of limitations ran on the Debt; and

   B. Threatening to initiate foreclosure when West Coast is not licensed as a debt collector in Colorado and, therefore, is precluded from filing suit in the state of Colorado. Commercial Service of Perry, Inc. v. Fitzgerald, 856 P.2d 58, 62 (Colo. App. 1993).

97. The Law Firm violated Colo. Rev. Stat. § 5-16-107(1)(e) by:

   A. Threatening to initiate foreclosure after the statute of limitations ran on the Debt; and

   B. Threatening to file suit on behalf of West Coast when West Coast is precluded from filing suit in the state of Colorado. Id.

98. The CFDCPA prohibits debt collectors from the use of any false representation or deceptive means to collect or attempt to collect any debt. Colo. Rev. Stat. § 5-16-107(1)(k).

99. West Coast violated Colo. Rev. Stat. § 5-16-107(1)(k) by representing that the Debt was still due and owing.

100. The Law Firm violated Colo. Rev. Stat. § 5-16-107(1)(k) by representing that the Debt was still due and owing.

101. The CFDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount that is not permitted by law. Colo. Rev. Stat. § 5-16-108(1)(a).

102. West Coast violated Colo. Rev. Stat. § 5-16-108(1)(a) by attempting to collect an amount of the Debt not permitted by law.

103. The Law Firm violated Colo. Rev. Stat. § 5-16-108(1)(a) by attempting to collect an amount of the Debt not permitted by law.

104. The CFDCPA prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession of property if there is no present right to possession of the property.  Colo. Rev. Stat. § 5-16-108(1)(f).

105. West Coast violated Colo. Rev. Stat. § 5-16-108(1)(f) when the Law Firm, as West Coast's agent, recorded an NED against the Property.

106. The Law Firm violated Colo. Rev. Stat. § 5-16-108(1)(f) when the Law Firm, as West Coast's agent, recorded an NED against the Property.

107. The CFDCPA prohibits debt collectors from conducting "the business of a collection agency . . . without having obtained a license under this article," and further requires that "[a]ny person acting as a collection agency must possess a valid license issued by the administrator . . . ." Colo. Rev. Stat. §§ 5-16-115(1)(a) and 5-16-118.

108. West Coast violated Colo. Rev. Stat. §§ 5-16-115(1)(a) and 5-16-118 by failing to obtain a valid license to collect debts in the state of Colorado.

109. The CFDCPA requires debt collectors to maintain an office within the state of Colorado that is open to the public during normal business hours and staffed by at least one full-time employee.  Colo. Rev. Stat. § 5-16-123(1)(b)(I)(A).

110. West Coast violated Colo. Rev. Stat. § 5-16-123(1)(b)(I)(A) by failing to maintain an office within the state of Colorado.

111. West Coast is liable for the Law Firm's violations because the Law Firm is an agent of West Coast.

112. The Law Firm is liable for West Coast's violations because the Law Firm aided and abetted West Coast when West Coast violated the FDCPA.

113. To the extent that the violations of the foregoing requirements under the CFDCPA are unlike the Debt Collector's violations under the FDCPA, Plaintiffs are entitled to statutory damages under the CFDCPA in addition to the FDCPA.

114. Plaintiffs have suffered and continue to suffer actual damages as a result of West Coast's unlawful conduct.

115. Plaintiffs have suffered and continue to suffer actual damages as a result of the Law Firm's unlawful conduct.

116. Plaintiffs are entitled to damages, including attorney fees and costs, under the CFDCPA, in an amount to be determined at trial.  Colo. Rev. Stat. § 5-16-113.

## COUNT II
### (Quiet Title against West Coast and Public Trustee)

117. Plaintiffs incorporate by reference all of the foregoing allegations as though fully set forth herein.

118. West Coast is the holder of the Note.

119. West Coast is the beneficiary of the Deed of Trust, which secures repayment of the Note.

120. Colorado law requires that all actions to enforce the rights set forth in any instrument securing the payment of or evidencing any debt shall be commenced within six years after the cause of action accrues.  Colo. Rev. Stat. § 13-80-103.5(1)(a).

121. The accrual of the cause of action relates back to the date that the creditor was first lawfully permitted to accelerate the debt.  Lovell v. Goss, 101 P. 72 (Colo. 1909).

122. In or around 2010, Plaintiffs' account became delinquent.

123. In or around 2010, West Coast and the Law Firm were lawfully permitted to accelerate the debt.

124. Plaintiffs did not make any payments on the Debt after 2010.

125. In or around 2016, the statute of limitations ran on the Debt.

126. Over six years have passed since the date of default on Plaintiffs' Debt.

127. Over six years have passed since the date of Plaintiffs' last payment on the Debt.

128. As the statute of limitations has run on the Debt, the Deed of Trust is no longer a lien against the Property.

129. The Public Trustee is the trustee of the Deed of Trust and may claim some interest to the Property.

130. Plaintiffs are entitled to an order from this Court declaring that the statute of limitations has run on the Debt and that Plaintiff's property is no longer encumbered by the Deed of Trust.

## COUNT III
**(Declaratory Action)**

131. Plaintiffs incorporate by reference all of the foregoing allegations as though fully set forth herein.

132. In or around 2016, the statute of limitations ran on the Note.

133. Plaintiffs are informed and believe that West Coast may claim that the statute of limitations has not run on the Note.

134. An actual and justiciable controversy exists as to whether the statute of limitations ran on the Note.

135. Plaintiffs are entitled to a declaration that the statute of limitations ran on the Note.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Melissa Wells and Adam Wells pray for relief and judgment against West Coast and the Law Firm as follows:

1. Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

2. Awarding Plaintiffs actual damages pursuant to 15 U.S.C. § 1692k;

3. Awarding Plaintiffs statutory damages, pursuant to Colo. Rev. Stat. § 5-16-113(1)(b)(I), in the amount of $1,000.00;

4. Awarding Plaintiffs actual damages pursuant to Colo. Rev. Stat. § 5-16-113(1)(a);

5. This Court issue a declaratory judgment that the statute of limitations has run on the Debt, and that the Debt no longer encumbers Plaintiffs' property;

6. Enjoining West Coast and the Law Firm from the illegal collection of debts;

7. Enjoining West Coast and the Law Firm from filing suit on behalf of West Coast in the state of Colorado;

8. Awarding Plaintiffs reasonable attorney fees and costs incurred in this action;

9. Awarding Plaintiffs pre-judgment and post-judgment interest as may be allowed under the law; and

10. Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 24, 2018

                                                  Respectfully submitted,

                                                  /s/ Daniel J. Vedra
                                                  Daniel J. Vedra
                                                  Katherine Russell

                                        Vedra Law LLC
                                        1435 Larimer St. Suite 302
                                        Denver, CO 80202
                                        Phone: (303) 937-6540
                                        Fax: (303) 937-6547
                                        Email: dan@vedralaw.com
                                        Email: kate@vedralaw.com